UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-792(DSD/JJK)

Venus Brown and
Otha Denham,

       Plaintiffs,

v.                                                            **ORDER**

City of Minneapolis, a Minnesota
Municipal Corporation, Richard
Taylor, Officer Employed by
Minneapolis Police Department,
Michael Nimlos, Police Officer
Employed by Minneapolis Police
Department and Supervisory
Personnel, Unknown Supervisors
Employed by Minneapolis
Police Department,

       Defendants.

       Michael B. Taylor, Esq. and Law Offices of Michael B. Taylor, LLC, 7616 Currell Boulevard, Suite 200, Woodbury, MN 55125, counsel for plaintiffs.

       Gregory P. Sautter, Esq., Office of the City Attorney, 350 South Fifth Street, City Hall, Room 210, Minneapolis, MN 55415, counsel for defendants.

       This matter is before the court upon the motion for summary judgment by defendants.[1]  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

---

       [1] Defendants include Richard Taylor; Michael Nimlos; unknown supervisors and supervisory personnel for the Minneapolis Police Department; and the City of Minneapolis.

**BACKGROUND**

This excessive-force dispute arises out of a March 30, 2010, incident between plaintiff Venus Brown[2] and Minneapolis Police Officers Taylor and Nimlos.  At 5:45 p.m., Taylor and Nimlos were dispatched to 3rd Street North and 30th Avenue North in Minneapolis.  Taylor Dep. 19:12-15.  The officers were responding to a complaint of a brown van alleged to be responsible for illegally dumping trash in the area.  Id.; Nimlos Dep. 15:19-16:1.

Upon arrival, the officers observed a two-toned brown and blue van pull away from the curb.  Nimlos activated the squad car's emergency lights[3] and directed Otha Denham, the driver of the van, to stop the vehicle.  Nimlos Dep. 17:17-20.  The van continued traveling for a short distance and stopped in the parking lot of 315 Lowry Avenue North.  Id. at 17:20-22.

Both officers exited the squad car.  Nimlos approached the driver-side door of the van and asked Denham to produce his

---

[2] Otha Denham previously asserted a claim for negligent infliction of emotional distress (NIED).  On August 15, 2013, the parties stipulated to dismiss Brown and Denham's NIED claims.  ECF No. 22.  As a result, only Brown's claims remain.

[3] The video camera attached to the dashboard of the squad car began recording when Nimlos activated the emergency lights.  Taylor Dep. 30:16-22.  On a motion for summary judgment, the court "cannot ignore incontrovertible evidence which clearly contradicts [a plaintiff's] allegations."  Wallingford v. Olson, 592 F.3d 888, 892 (8th Cir. 2010).  Where a videotape contradicts a party, a court "must view [] the facts in the light depicted by the videotape."  Id. (alteration in original) (citation and internal quotation marks omitted).

driver's license.  Sautter Aff. Ex. 4, at 1:04.  Taylor drew his
service weapon and approached the van's rear door.  Id. at 0:46.
Taylor opened the rear door and observed several children.  Taylor
Dep. 37:22-25.  Taylor then holstered his weapon and approached the
passenger-side door, where Brown was seated.  Sautter Aff. Ex. 4,
at 0:55; Taylor Dep. 38:3-5.  After Brown indicated that the window
was not operational, Taylor opened the passenger door.  Brown Dep.
38:22-39:1.

     Taylor asked Brown for her identification.  Taylor Dep. 42:5-
11.  Brown did not immediately comply and Taylor removed Brown from
the van.  Id. at 59:1-25.  Brown raised her voice and became
verbally aggressive towards Taylor, and Nimlos left Denham to
assist Taylor.  Sautter Aff. Ex. 4, at 1:26-1:27.  Brown resisted,
and Taylor maneuvered Brown against the van.  Id. at 1:29-1:40.
Brown fell to the ground and Taylor pulled her to her feet by her
right arm.  Brown Dep. 42:12-43:1.  Brown claims that, at that
point, Nimlos unholstered his Taser and Taylor "put his whole hand
on [her] throat and choked [her] and slammed [her] against [her]
vehicle ...."[4]  Id. at 43:1-6.  Nimlos applied an escort hold to
Brown and Taylor handcuffed her.  Sautter Aff. Ex. 4, at 1:44.
Taylor unholstered his Taser, but did not use or threaten to use
it.  Id. at 2:07.

---

     [4] This portion of the interaction between Brown and Taylor
occurs out of frame on the squad car video.

Brown claims that once she was handcuffed, Taylor "dragged [her] to the police car and threw [her] inside." Brown Dep. 46:23-24. Thereafter, the officers removed Brown from the squad car and issued a citation for failing to wear a seatbelt. Brown claims that Taylor and Nimlos taunted her with the citation, which she destroyed upon receipt. Id. at 57:3-24; Sautter Aff. Ex. 4, at 16:27.

Brown went to Hennepin County Medical Center that day and was later diagnosed with a left shoulder strain and sprain. See Taylor Aff. Ex. 1, at 29. She was instructed to use a sling as needed, take Vicodin and Flexeril for pain management, apply heat and ice to the affected areas and schedule follow-up sessions with sports medicine. Id. at 34-35. Brown was told that her alleged injuries were likely "transient." Id. at 34. Brown also alleges that she suffered scrapes on her knees, hoarseness and "red dots on [her] throat" from the incident. Brown Dep. 40:23, 58:12. Brown at no time received treatment for any injury to her throat or neck. Brown Dep. 24:19-24.

On March 29, 2012, Brown filed suit, alleging a 42 U.S.C. § 1983 claim for excessive force and common law claims for assault and battery.[5] Defendants move for summary judgment.

---

[5] Brown initially asserted a claim against the City of Minneapolis under Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978). At oral argument, Brown waived the Monell claim. Therefore, summary judgment on the Monell claim is
(continued...)

## DISCUSSION

## I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element

(...continued)
warranted.

necessarily renders all other facts immaterial.  <u>Celotex</u>, 477 U.S.
at 322-23.

## II.  Section 1983

Defendants argue that the § 1983 excessive force claim is
barred by qualified immunity.  "The doctrine of qualified immunity
protects [law enforcement] officers from personal liability under
§ 1983 insofar as their conduct does not violate clearly
established ... constitutional rights of which a reasonable person
would have known." <u>Baribeau v. City of Minneapolis</u>, 596 F.3d 465,
473 (8th Cir. 2010) (second alteration in original) (citation and
internal quotation marks omitted).  The court applies the doctrine
of qualified immunity so as to afford "ample room for mistaken
judgments by protecting all but the plainly incompetent or those
who knowingly violate the law." <u>Walker v. City of Pine Bluff</u>, 414
F.3d 989, 992 (8th Cir. 2005) (citation and internal quotation
marks omitted).

To determine whether defendants are entitled to qualified
immunity, the court views the facts in the light most favorable to
plaintiffs and considers (1) whether the alleged facts demonstrate
that the conduct of defendants violated a constitutional right and
(2) whether the right claimed was clearly established at the time
of the alleged injury.  <u>See</u> <u>Howard v. Kan. City Police Dep't</u>, 570

F.3d 984, 988 (8th Cir. 2009).  "If the answer to either question is no, then [defendants are] entitled to qualified immunity."  Doe v. Flaherty, 623 F.3d 577, 583 (8th Cir. 2010).

Section 1983 of Title 42 "is not itself a source of substantive rights."  Albright v. Oliver, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted).  As a result, a plaintiff must "identify the specific constitutional right allegedly infringed."  Id. (citations omitted).  Here, Brown claims that defendants violated her Fourth Amendment right to be free from unreasonable seizure.  See Cook v. City of Bella Villa, 582 F.3d 840, 849 (8th Cir. 2009).  "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances."  Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009) (citations and internal quotation marks omitted).

The court considers the objective reasonableness of an officer's conduct in light of the totality of the circumstances and the information that the officer possessed at the time of the alleged violation.  See Rohrbough v. Hall, 586 F.3d 582, 586 (8th Cir. 2009).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham v. Connor, 490 U.S. 386, 396 (1989) (citation omitted).  A

determination of the reasonableness of a particular use of force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (citation omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Id. at 396-97. In short, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Chambers v. Pennycook, 641 F.3d 898, 907 (8th Cir. 2011) (alteration in original) (citation and internal quotation marks omitted).

Here, the officers' use of force was reasonable. Although the violation for which Brown was ultimately cited — failure to wear a seat-belt — was minor, the situation was tense and Brown was highly uncooperative, physically resistant and verbally combative. Moreover, the video evidence discredits Brown's version of the events. See Wallingford v. Olson, 592 F.3d 888, 893 (8th Cir. 2010). Specifically, the video shows that Brown was verbally aggressive towards Taylor and Nimlos during their interaction and that Taylor and Nimlos did not drag Brown to the squad car.

8

Sautter Aff. Ex. 4, at 2:11-2:19.  The video reflects Taylor and Nimlos applying appropriate escort holds to Brown, handcuffing her and transferring her to the squad car when she resisted.[6]  Id. at 1:43-2:19.  Further, Brown's alleged injury — a "transient" shoulder injury that required pain medicine and limited use of a sling — was relatively minor.  Taylor Aff. Ex. 1, at 29-30, 34-35; see Cook, 582 F.3d at 850 ("[T]he lack, or minor degree, of any injury sustained during an arrest is relevant in considering the reasonableness of the force used." (citations omitted)).  In sum, no reasonable jury could find that the officers' use of force was objectively unreasonable or violative of the Fourth Amendment.  Therefore, summary judgment is warranted on the excessive force claim.

---

[6] Brown also alleges that Taylor choked her.  Brown Dep. 43:1-6.  This assertion, however, is completely unsupported by the rest of the record.  Specifically, the medical evidence demonstrates that Brown's throat exhibited "no clear bruising or erythema," nor did it appear swollen.  Taylor Aff. Ex. 1, at 34.  Further, though a brief portion of the interaction between Brown and Taylor is out of frame, the video does not support Brown's contention that Taylor choked her.  Sautter Aff. Ex. 4, at 1:34-1:42.  Moreover, Denham witnessed the incident and did not report any choking.  Denham Dep. 27:14-18.  As a result, the uncorroborated assertion by Brown is insufficient to defeat the motion for summary judgment.  See Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff.").

### III.  Assault and Battery Claims

Brown next argues claims for assault and battery.  Brown argues that (1) an assault occurred when Taylor and Nimlos unholstered their Tasers and (2) a battery occurred when Taylor removed Brown from the van and transferred her to the squad car. Minnesota law, however, provides that a police officer may use "reasonable force ... upon or toward the person of another without the other's consent" when "effecting a lawful arrest" or "executing any other duty imposed upon the officer by law."  Minn. Stat. § 609.06.  The plaintiff maintains the burden to establish a battery or assault based on the use of unreasonable force by a police officer.  See Johnson v. Peterson, 358 N.W.2d 484, 485 (Minn. Ct. App. 1984).  As already explained, however, no issues of material fact remain as to the reasonableness of the officers' force.  As a result, the use of force by Taylor and Nimlos was authorized and cannot form the basis of an assault or battery claim.  Therefore, summary judgment on the assault and battery claims is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [ECF No. 13] is granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 24, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court